IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT LUDLOW, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>  -against-<br><br>BP, PLC; BP AMERICA, INC.; ANTHONY HAYWARD; ANDY INGLIS; CARL-HENRIC SVANBERG; H. LAMAR MCKAY; WILLIAM CASTELL; PAUL ANDERSON; ANTONY BURGMANS; CYNTHIA CARROLL; and ERROLL B. DAVIS, JR.<br><br>           Defendants. | Civil Action No. 6:10-cv-00818-RTH-CMH |
| JOHNSON INVESTMENT COUNSEL, INC., individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>  -against-<br><br>BP, PLC; BP AMERICA, INC.; ANTHONY HAYWARD; ANDY INGLIS; CARL-HENRIC SVANBERG; and H. LAMAR MCKAY,<br><br>           Defendants. | Civil Action No. 6:10-cv-00903-RTH-PJH |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALAN R. HIGGS FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF HIS SELECTION OF LEAD AND LIAISON COUNSEL**

Alan R. Higgs ("Higgs" or the "Movant") respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the above-captioned actions (the "Actions"); (ii) appointment as Lead Plaintiff; and (iii) approval of his selection of the law firm Zwerling, Schachter & Zwerling, LLP ("Zwerling, Schachter") as Lead Counsel and the law firm of The Law Offices of Eric J. O'Bell, LLC ("O'Bell") as Liaison Counsel.  Higgs purchased BP p.l.c.'s American Depository Receipts ("ADRs") and suffered damages as a result of Defendants' alleged violations of the federal securities laws.[1]

There are at least two related cases pending in this District and at least three related class actions pending in two other districts.[2]  A motion to have all related cases transferred to and consolidated in one district is pending before the Judicial Panel on Multi-District Litigation (the "MDL Panel").[3]  Because it is unclear to which court the MDL Panel will transfer these cases, Higgs has also filed a motion for appointment of Lead Plaintiff and Lead Counsel in the United States District Courts for the Eastern District of Louisiana and the Central District of California.

---

[1] Higgs has submitted a declaration setting forth his transactions in ADRs during the relevant period.  (*See* Exhibits A and B to the Declaration of Eric J. O'Bell in Support of Motion of Alan R. Higgs for Consolidation, for Appointment of Lead Plaintiff and for Approval of His Selection of Lead and Liaison Counsel (the "O'Bell Decl.").)  Higgs is fully familiar with the facts and allegations of the cases filed in this District.

[2] The two cases pending in the United States District Court for the Eastern District of Louisiana are: *Greenfield v. BP p.l.c.*, 2:10-cv-01683-KDE-ALC, filed on June 8, 2010 ("*Greenfield*"); and *McClurg v. BP p.l.c.*, 2:10-cv-01881-EEF-DEK, filed on June 30, 2010.  The case pending in the United States District Court for the Central District of California is *Yuen v. BP p.l.c. et al.*, 2:10-cv-04164-DMG-PLA, filed on June 2, 2010.

[3] A hearing on the motions is scheduled for July 29, 2010.

I.     PRELIMINARY STATEMENT

This Court should consolidate the Actions and appoint Higgs as Lead Plaintiff for the class. Consolidating the Actions is appropriate because each action involves common factual and legal issues. Each of the Actions alleges that BP p.l.c ("BP plc") and certain of its subsidiaries and officers and directors (hereafter referred to as "BP") violated the federal securities laws by making materially false and misleading statements and/or omissions regarding BP's safety and risk management practices, including those relating to its Gulf of Mexico ("Gulf") deepwater drilling operations during the relevant period.[4]

This Court should appoint Higgs as Lead Plaintiff for the class because, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), he is the "most adequate" to serve as Lead Plaintiff. In fact, Higgs satisfies each requirement of the PSLRA for serving as Lead Plaintiff. Higgs is believed to have the "largest financial interest" in the relief sought by the class, having suffered estimated losses of $12,537.50. (*See* O'Bell Decl. Ex. B.) Higgs' motion to be appointed Lead Plaintiff is timely and his claims against Defendants are typical of the claims of the other class members. His interests are aligned with the interests of the class. Finally, Higgs has retained qualified counsel and will vigorously prosecute the Actions.

II.    PROCEDURAL BACKGROUND

On May 21, 2010, *Ludlow v. BP p.l.c. et al.*, 6:10-cv-00818-RTH-CMH ("*Ludlow*"), the first class action alleging Defendants' securities law violations, was filed in this Court. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on May 21, 2010, a class action notice was published by Ludlow (the "Notice"), advising members of the proposed class of their right to move the court

---

[4] The Actions allege different class periods. The other related actions pending in other districts also allege varying class periods. These differences may be resolved following consolidation through the filing of a consolidated complaint.

to serve as lead plaintiff not later than 60 days from the date of publication of the Notice, *i.e.*, July 20, 2010. (*See* O'Bell Decl. Ex. C.)

## III. STATEMENT OF FACTS

BP plc is a corporation organized and existing under the laws of the United Kingdom with its principal place of business in London, England. (¶ 20.)[5] BP plc is one of the three largest integrated energy services companies in the world, and is the largest U.S. oil and gas producer in the United States. (¶ 21.) BP plc's ordinary shares and ADRs are actively traded on the London Stock Exchange and the New York Stock Exchange, respectively. (¶ 52.)

In 2007, when BP's Chief Executive Officer Anthony B. Hayward ("Hayward") took over BP, he and BP launched a campaign to convince the market for BP plc securities that it was conducting its operations in a safe and reliable manner. (¶¶ 24, 77.) In fact, Hayward promised a renewed commitment to safety and stated that his first priority as CEO was "focusing like a laser on safe and reliable operations." (¶ 78.) At the beginning of 2008, BP began to highlight its operations in the Gulf as one of its primary economic drivers. (¶¶ 79-81, 132, 134-135, 154-157, 161, 165.) Throughout the Class Period, BP represented to the investing public that BP: (a) was conducting its oil exploration and production operations in the Gulf in a safe and reliable manner; (b) had the technology to engage in deep water drilling operations; and (c) had the knowledge, procedures, measures and safeguards in place to deal with the known risks associated deep water drilling, including a plan to adequately respond to any spill that may occur. (¶¶ 4, 79-81, 142, 154-157, 161-163.) Contrary to BP's statements to investors, BP cut corners and reduced its spending on safety measures in an effort to maximize profits. (¶¶ 85-87, 95, 115, 146.) BP also knew that its Gulf operations lacked safety procedures and technology to

---

[5] ¶ references are to the complaint in *Greenfield*.

3

deal with a major oil spill. (¶¶ 86-90, 102-106, 108-124, 126-127.)

On April 20, 2010, a catastrophic explosion occurred on BP's Deepwater Horizon rig (the "Rig"), resulting in a continuing and uncontrolled oil leak into the Gulf (the "BP Disaster"). (¶¶ 9-12.) The Rig was positioned about 50 miles southeast of Venice, Louisiana and was drilling an exploratory well in the Gulf. (¶¶ 6-8.) After the incident, Hayward admitted that BP did not have the technology available to stop the BP Disaster. (¶¶ 128-130.)

## IV. OVERVIEW OF APPLICABLE LAW

The PSLRA sets forth the procedure for appointing the lead plaintiff in a securities class action. The first step requires providing notice to members of the putative class of the pendency of a class action, the claims asserted, and the purported class period. Specifically, the PSLRA provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)  of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).[6]

The PSLRA also sets out the requirements for selection of a lead plaintiff to oversee class actions brought pursuant to the federal securities laws. 15 U.S.C. § 78u-4(a)(3). There is a rebuttable presumption that the "most adequate plaintiff" to serve as lead plaintiff is the person

---

[6] 15 U.S.C. § 78u-4 amends the Securities Exchange Act of 1934 (the "Exchange Act") to adopt the PSLRA's provisions.

or group of persons that:

> (aa)　has either filed the complaint or made a motion in response to [aforementioned] notice . . .;
>
> (bb)　in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)　otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

115 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Higgs satisfies each of the PSLRA's statutory requirements to serve as Lead Plaintiff here.

## V.　THE ACTIONS SHOULD BE CONSOLIDATED

When multiple actions asserting substantially the same claims on behalf of a class have been filed, a court must first decide the consolidation motion and then decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation of actions pursuant to FED. R. CIV. P. 42(a) is appropriate when the actions involve common questions of law and fact. *St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions…is proper when the cases involve common questions of law and fact, and…it would avoid unnecessary costs or delay."). Under FED. R. CIV. P. 42(a), this Court has broad discretion to determine whether consolidation is appropriate. *Gregory v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 02-3653, 2003 WL 446824, at *1 (E.D. La Feb. 19, 2003).

Presently pending in this District are two related securities class actions:

| Case Name | Case No. |
|---|---|
| *Ludlow v. BP p.l.c.* | 6:10-cv-00818-RTH-CMH |
| *Johnson Investment Counsel, Inc. v. BP p.l.c.* | 6:10-cv-00903-RTH-PJH |

The Actions arise from the same set of events and alleged course of conduct by Defendants and raise the same legal issues. Each of the Actions asserts claims pursuant to §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.[7] Therefore, the Actions, and any related actions that are subsequently filed in this District or transferred to this District, should be consolidated.

The selection of lead plaintiff and lead counsel is the necessary first step to begin prosecution of the Actions. Thus, the PSLRA contemplates a ninety-day period from the early notice publication to the selection of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Because the PSLRA explicitly ties the selection of a lead plaintiff to the consolidation of related actions, Higgs respectfully requests that this Court grant the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a).

## VI.   HIGGS SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A. Higgs' Motion to Serve as Lead Plaintiff Is Timely

Within sixty days after the publication of a notice of a class action, any person or group of persons that is a member of the proposed class may move the Court to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, the PSLRA notice was published in connection with the *Ludlow* action on May 21, 2010. (*See* O'Bell Decl. Ex. C.) As a purchaser of ADRs during the relevant period, who suffered damages, Higgs is a member of the proposed class and has timely moved for the appointment as Lead Plaintiff within sixty days of the Notice,

---

[7] The differing class periods alleged do not preclude consolidation. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *1-2 (N.D. Ill. Aug. 11, 1997) (noting that the district court had consolidated various related actions despite differences in claims and alleged class periods). *See also, Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (finding that differences in class periods "do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998) (consolidating case despite slight differences in alleged class period).

in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Higgs therefore satisfies the PSLRA's initial requirement.

### B. Higgs Is Believed to Have the Largest Financial Interest in the Relief Sought by the Class

Pursuant to the PSLRA, this Court should next determine which lead plaintiff applicant has the "largest financial interest" in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Higgs believes at this time that he has the "largest financial interest" in the relief sought by the class. He has suffered estimated losses of $12,537.50. (*See* O'Bell Decl. Ex. B.)[8] Higgs believes that he satisfies the PSLRA's second requirement for appointment as Lead Plaintiff. Pursuant to the PSLRA, the movant with the greatest financial interest is, in fact, *presumptively* the "most adequate" plaintiff to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C. Higgs Satisfies the Typicality and Adequacy Requirements of Rule 23

In addition to meeting the PSLRA's requisites set forth above, a lead plaintiff must also satisfy the requirements of FED. R. CIV. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). FED. R. CIV. P. 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

For purposes of appointing a lead plaintiff, however, a wide-ranging analysis under FED. R. CIV. P. 23 is not appropriate at this stage of the litigation. All that is required is a

---

[8] As explained in Higgs' Declaration, (O'Bell Decl., Ex. A), his losses are calculated during the period of February 27, 2008 through June 1, 2010.

"preliminary showing" that the proposed lead plaintiff will satisfy the requirements of typicality and adequacy. *See, e.g., Thompson v. The Shaw Group*, 04-civ-1685, 2004 WL 2988503, at *5 (E.D. La. Dec. 12, 2004); *Tarica v. McDermott Intern., Inc.*, 99-3891, 2000 WL 377817, at *4 (E.D. La. Apr. 13, 2000). As discussed below, Higgs satisfies both the typicality and adequacy requirements of FED. R. CIV. P. 23(a), further supporting its appointment as Lead Plaintiff.

1. Higgs' Claims Are Typical of the Claims of the Class

Typicality exists when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Tarica*, 2000 WL 377817, at *4. The Fifth Circuit has held that "the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Id.*, citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999). Higgs' claims and the class's claims arise from damages sustained due to the same alleged misconduct by Defendants. Further, Higgs and class members assert the same violations of federal securities laws. Thus, Higgs satisfies the typicality requirement of FED. R. CIV. P. 23(a).

2. Higgs Will Fairly and Adequately Represent the Interests of the Class

The adequacy requirement is satisfied when the proposed lead plaintiff has no apparent potential conflicts between themselves and the class members and has chosen competent counsel. *See, e.g., Thompson*, 2004 WL 2988503, at *5; *In re Orthodontic Ctrs. of Am. Inc., Sec. Litig.*, 01-civ-949, 2001 WL 163846, at *5 (E.D. La. Dec. 18, 2001). Higgs' interests are aligned with — and certainly are not antagonistic to — the interests of the other class members. Higgs, like the other class members, is a victim of Defendants' alleged fraud and was damaged as a result of Defendants' misconduct. Further, Higgs has hired competent and experienced counsel to prosecute these claims. Due to his significant financial stake in the Actions, interest in prosecuting the Actions, and choice of counsel, it is clear that Higgs will vigorously prosecute

the claims against Defendants and protect the interests of the class.

## VII. THE COURT SHOULD APPROVE HIGGS' CHOICE OF LEAD AND LIAISON COUNSEL

Pursuant to the PSLRA, the lead plaintiff is permitted, subject to the Court's approval, to select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Higgs has selected Zwerling, Schachter as Lead Counsel and O'Bell as Liaison Counsel to represent him and the putative class. As fully set forth in Exhibits D and E to the O'Bell Decl., proposed Lead Counsel and Liaison Counsel have extensive experience in the areas of securities litigation and other complex litigation. In that regard, Zwerling, Schachter has been responsible for significant successful results on behalf of injured investors in numerous securities class action lawsuits, as well as legal decisions that enable litigation such as this to be successfully prosecuted. (*See* O'Bell Decl., Ex. D).

## VIII. CONCLUSION

For the foregoing reasons, Higgs respectfully requests that the Court: (1) consolidate the Actions pursuant to FED. R. CIV. P. 42(a); (2) appoint him as Lead Plaintiff; and (3) approve his choice of the law firm of Zwerling, Schachter as Lead Counsel and O'Bell as Liaison Counsel for the putative class.

Dated: July 20, 2010

                                          **THE LAW OFFICES OF**
                                          **ERIC J. O'BELL, LLC**

                       By:   /s/ Eric J. O'Bell
                            Eric J. O'Bell (LA. BAR No. 26693)
                            3500 North Hullen
                            Metarie, Louisiana 70002
                            Tel.: (504) 456-8677
                            Fax: (504) 456-8624

                            *Counsel for Alan R. Higgs and*
                            *Proposed Liaison Counsel for the Class*

**ZWERLING, SCHACHTER
  & ZWERLING, LLP**
Robert S. Schachter
Sona R. Shah
Ana M. Cabassa
41 Madison Avenue
New York, NY  10010
Tel.: (212) 223-3900
Fax: (212) 371-5969

*Counsel for Alan R. Higgs and
Proposed Lead Counsel for the Class*

**DAVID M. FOSTER, P.C.**
David M. Foster
30833 Northwestern Highway, Suite 209
Farmington Hills, Michigan 48334
Tel.: (248) 855-0940
Fax: (248) 855-0987

*Counsel for Alan R. Higgs*