# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT LUDLOW, Individually and on Behalf of All Others Similarly Situated, | No. 6:10-cv-00818-RTH-CMH |
| Plaintiff, | Honorable Richard T. Haik, Sr. |
| v. | Magistrate Judge C. Michael Hill |
| BP PLC, et al. | |
| Defendants. | |
| JOHNSON INVESTMENT COUNSEL INC., Individually and on Behalf of All Others Similarly Situated, | No. 6:10-cv-00903-RFD-PJH |
| Plaintiff, | Honorable Rebecca F. Doherty |
| v. | Magistrate Judge Patrick J. Hanna |
| BP PLC, et al. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NEW YORK AND OHIO FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; (2) APPROVAL OF CHOICE OF CO-LEAD COUNSEL; AND (3) CONSOLIDATION OF ALL RELATED SECURITIES CLASS ACTIONS**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     STATEMENT OF FACTS ......................................................................................3

III.    ARGUMENT .........................................................................................................4

      A.     New York and Ohio Should Be Appointed Lead Plaintiff .....................................4

            1.     New York and Ohio Have the Largest Financial Interest in the Relief
                   Sought by the Class.........................................................................................5

            2.     New York and Ohio are an Adequate Lead Plaintiff Group.......................6

            3.     New York and Ohio Are Sophisticated Institutional Investors
                   that Satisfy the Requirements of Rule 23 ...................................................8

      B.     This Court Should Approve the New York and Ohio's Choice of
          Lead Counsel ....................................................................................................10

      C.     The Related Actions Should Be Consolidated.....................................................12

IV.     CONCLUSION.....................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*In re AOL Time Warner Sec. and ERISA Litig.*,
   No. 02 Civ. 5755, 2006 WL 903236 (S.D.N.Y. April 6, 2006)................................5

*In re BearingPoint Securities Litigation*,
   No. 03- cv-1062 (TSE) (E.D. Va.) ......................................................................11

*In re Cardinal Health, Inc. Sec. Litig.*,
   226 F.R.D. 298 (S.D. Ohio 2005) ......................................................................10

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005)................................................................................9

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ..........................................................................6

*Eshe Fund v. Fifth Third Bancorp*,
   No. 08-cv-421, slip op. (S.D. Ohio Dec. 16, 2008) .............................................7

*In re Globalstar Securities Litigation*,
   No. 01-CV-1748 (PKC) (S.D.N.Y.) ....................................................................11

*In re International Rectifier Corp. Securities Litigation*,
   No. CV 07-02544-JFW (C.D. Cal.) ................................................................ 11-12

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)..............................................................................12

*In re Marsh & McLennan Cos. Sec. Litig.*,
   No. 04-CV-8144 (S.D.N.Y.) .......................................................................... 9-10

*In re McDermott Intern., Inc. Sec. Litig.*,
   No. 08-civ-9943, 2009 WL 579502 (S.D.N.Y. Mar. 6, 2009)................................6

*In re Merrill Lynch & Co. Sec. Litig.*,
   No. 07-CV-9633 (S.D.N.Y.) ................................................................................9

*In re Motorola*,
   03 Civ. 287, 2003 WL 21673928 (N.D. Ill. July 16, 2003)....................................9

*Morrison v. National Australia Bank*,
   2010 WL 2518523 (June 24, 2010) ......................................................................5

*In re Orthodontic Cntrs. Of America, Inc.*,
   No. 01-949, 2001 U.S. Dist. LEXIS 21816 (E.D. La. Dec. 17, 2001).......................................6

*In re Oxford Health Plans, Inc., Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................................7

*In re Spectranetics Corp. Sec. Litig.*,
   No. 08-cv-2048, 2009 WL 1663953 (D. Colo. June 15, 2009) .................................7

*Takara Trust v. Molex Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005)......................................................................................5

*Tarica v. McDermott Int'l, Inc.*,
   No. 99-3831, 2000 U.S. Dist. LEXIS 5031 (E.D. La. Apr. 13, 2000).......................6

*Taubenfeld v. Career Educ. Corp.*,
   No. 03 Civ. 8884, 2004 WL 554810.............................................................................12

*Thompson v. Shaw Group, Inc.*,
   No. 04-1685, 2004 U.S. Dist. LEXIS 25641 (E.D. La. Dec. 13, 2004)......................... passim

*In re Veeco Instruments Inc. Sec. Litig.*,
   233 F.R.D. 330 (S.D.N.Y. 2005) ...................................................................................6

## STATUTES

15 U.S.C. § 78u-4 ............................................................................................. passim

Rule 23 of the Federal Rules of Civil Procedure .................................................1, 2, 4, 8

Rule 42 of the Federal Rules of Civil Procedure .......................................................12

## OTHER AUTHORITIES

104th Cong. 1st Sess. (1995), H.R. Conf. Rep. No. 104-369 .................................8, 9, 11

## I.      INTRODUCTION

Thomas P. DiNapoli, Comptroller of the State of New York (the "Comptroller"), as Administrative Head of the New York State and Local Retirement System and sole Trustee of the New York State Common Retirement Fund ("NYSCRF") and Ohio Attorney General Richard A. Cordray, statutory litigation counsel for the Ohio Public Employees Retirement System ("OPERS"), the State Teachers Retirement System of Ohio ("STRS Ohio"), the School Employees Retirement System of Ohio ("SERS Ohio"), and the Ohio Police & Fire Pension Fund ("OP&F") (the "Ohio Funds" and collectively with the Comptroller, "New York and Ohio") respectfully submit this memorandum in support of their motion pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (a) appointing New York and Ohio as Lead Plaintiff for a class (the "Class") described herein; (b) approving their selection of Cohen Milstein Sellers & Toll PLLC and Berman DeValerio as Co-Lead Counsel for the Class, and Harrell & Nowak, LLC to serve as Liaison Counsel for the Class; and (c) consolidating all related securities class actions.

The underlying cases arise from violations of the federal securities laws by BP Plc ("BP" or the "Company"), certain of its officers and directors, and BP America, Inc.  Specifically, the complaints allege that Defendants made false and misleading statements regarding BP's safety protocols, operations, and safety record, as well as its ability to respond to a major oil spill.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also has made a *prima facie* showing that it is an adequate class representative under Rule 23

of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Thompson v. Shaw Group, Inc.*, No. 04-1685, 2004 U.S. Dist. LEXIS 25641, at *13-14 (E.D. La. Dec. 13, 2004).

New York and Ohio respectfully submit that they are the "most adequate plaintiff" to represent the Class of investors in BP securities by virtue of the enormous loss they suffered from their investments in BP as a result of Defendants' misconduct.  Specifically, New York and Ohio incurred a loss of approximately ***$229.4 million*** from their investments in BP securities during the Class Period, calculated on a first-in, first-out ("FIFO") basis, and a loss of approximately ***$181 million*** during that period, when calculated on a last-in, first-out ("LIFO") basis.[1]  Accordingly, New York and Ohio have an extremely large financial interest in this litigation – an interest currently believed to be greater than that of any competing movant.

Further, New York and Ohio satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as their claims are typical of the other members of the proposed Class, and they will fairly and adequately represent the Class.  Indeed, as large, sophisticated public pension funds with extensive experience prosecuting securities class actions, New York and Ohio are the exact kind of investors Congress sought to empower and lead securities class actions when it enacted the PSLRA.  New York and Ohio determined to work cooperatively of their own volition, conferred with each other prior to filing this motion, and are committed to working together to actively supervise counsels' prosecution of this case.  New York and Ohio have

---

[1] The currently filed complaints allege Class Periods of differing lengths.  The Court-appointed Lead Plaintiff will ultimately determine the operative Class Period to allege in this litigation, subject to certification by the Court.  However, the FIFO and LIFO losses stated above correspond to the Class Period alleged in *McClurg v. BP, Plc, et al.*, 2:10-cv-01881 (E.D. La.) and *Oklahoma Police Pension & Retirement System v. BP Plc, et al.*, No. 10-cv-2013 (E.D. La.) – June 30, 2005 through June 1, 2010 – which is the longest Class Period alleged in any of the related BP securities class actions.

selected and retained Cohen Milstein and Berman DeValerio, law firms with substantial experience in prosecuting securities fraud class actions, to serve as Co-Lead Counsel for the Class. Accordingly, New York and Ohio would serve as exemplary Lead Plaintiffs and should be appointed.

## II.     STATEMENT OF FACTS

The complaints allege that, during the Class Period, Defendants issued materially false and misleading statements regarding the Company's safety protocols, operations, and safety record, as well as its ability to respond to a major oil spill. Defendants misled the investing public by, *inter alia*, claiming BP's operations were safe and that the Company was capable of effectively responding to oil spills. As a result of Defendants' false statements and omissions, BP's securities traded at artificially inflated prices during the Class Period.

The truth did not begin to emerge until April 20, 2010, when there was an explosion on a mobile offshore drilling unit in the Gulf of Mexico operated by BP, which caused a massive oil leak with devastating environmental and economic consequences. Since that time, as the truth has been further revealed, BP's stock has fallen approximately 40%, eliminating billions of dollars in the Company's total market capitalization value.

Investors have filed multiple securities class actions alleging violations of state and federal law and seeking to recover the losses caused by Defendants' fraud.[2] The first action,

---

[2]  In addition to the two class actions filed in this District, four related class actions alleging virtually identical claims have been filed outside this District. *Greenfield v. BP Plc, et al.*, No. 10-cv-1683, *McClurg v. BP Plc, et al.*, No. 10-cv-1881, and *Oklahoma Police Pension & Retirement System v. BP Plc, et al.*, No. 10-cv-2013 were filed in the Eastern District of Louisiana and *Yuen v. BP Plc et al.*, No. 10-cv-4164 was filed in the Central District of California. As such, New York and Ohio have filed motions similar to this one in both the Eastern District of Louisiana and the Central District of California. A motion to transfer all

*Ludlow v. BP, Plc*, No. 6:10-cv-00818, was filed on May 21, 2010.  As required by the PSLRA, on May 21, 2010, a notice was published informing investors of the filing of the action and the 60 day deadline for filing a motion to seek lead plaintiff status, a copy of which is provided as Exhibit A to the Declaration of Julie G. Reiser (the "Reiser Decl.").  Under the PSLRA, an investor wishing to serve as lead plaintiff must file a motion within 60 days of the publication of this notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  New York and Ohio have satisfied this requirement with the filing of this motion.

III.   **ARGUMENT**

A.   **New York and Ohio Should Be Appointed Lead Plaintiff**

New York and Ohio respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for the selection of lead plaintiff in federal securities class actions.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Thompson*, 2004 U.S. Dist. LEXIS 25641, at *9.  Under these sections of the Exchange Act, the court "shall" adopt a presumption that the most adequate plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Thus, the statutory language explicitly provides that the movant with "the largest financial interest" is entitled to presumptive appointment as Lead Plaintiff.

---

related BP securities cases to a single district is now pending before the Judicial Panel on Multidistrict Litigation.

        1.       **New York and Ohio Have the Largest Financial Interest**
                     **in the Relief Sought by the Class**

New York and Ohio respectfully submit that they have the largest financial interest of any qualified movants in this action and should therefore be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."  *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  As a result of the alleged misconduct, New York and Ohio sustained losses of over $229.4 million on a first-in, first-out ("FIFO") basis, and losses of over $181 million on a last-in, first-out ("LIFO") basis.[3]  *See* Reiser Decl. Ex. B.

Courts routinely apply both FIFO and LIFO to calculate the relative losses of lead plaintiff movants.  *See In re AOL Time Warner Sec. and ERISA Litig.*, No. 02 Civ. 5755, 2006 WL 903236, at *18 (S.D.N.Y. April 6, 2006) ("[B]oth FIFO and LIFO have been used to calculate the financial stake of movants for lead plaintiff status in securities class actions."),

---

[3] New York and Ohio's ordinary share losses are $207.5 million (FIFO) or $160.4 million (LIFO) and their American Depositary Share ("ADS") losses are $21.9 million (FIFO) or $20.6 million (LIFO).  BP's ADSs are traded on an American stock exchange and BP's ordinary shares are traded on a foreign exchange.  Recently, the Supreme Court decided *Morrison v. National Australia Bank*, 2010 WL 2518523 (June 24, 2010), a case involving transactions made by Australian investors of shares of an Australian company on an Australian exchange.  In other words "all aspects of the purchases . . . occurred outside the United States."  *Id*. at *14 (2010).  The Supreme Court held that claims of securities fraud under Section 10(b) of the Exchange Act are limited to fraud "in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States."  *Id* at *14 (2010).  In this action, the class will include investors who purchased BP securities (ADSs) on an American stock exchange, and US investors whose purchases of BP ordinary shares were executed on a foreign exchange.  New York and Ohio believe that the evidence underlying the actual purchases or sales will show that their transactions in BP ordinary shares should be deemed to be purchases or sales of a security in the United States.

comparing *In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330, 333 (S.D.N.Y. 2005) ("I agree that FIFO is the appropriate methodology to apply in matching purchases and sales for the purpose of considering the financial stake of a movant for lead plaintiff status, just as it is the well-settled methodology for computing losses on securities for tax purposes."), with *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-02 (S.D.N.Y. 2005) (finding "loss as calculated by the [lead plaintiff movant] demonstrates why FIFO (as applied by the [movant]) is inferior to LIFO.").  Under either the FIFO or LIFO methodology, New York and Ohio currently believe that they have the largest financial interest of any Lead Plaintiff movant and are presumptively entitled to appointment as Lead Plaintiff.

### 2.   New York and Ohio are Adequate Movants

The language of the PSLRA permits the appointment of more than one class member as the Lead Plaintiff, as federal courts in Louisiana have recognized.  *See In re Orthodontic Cntrs. Of America, Inc.*, No. 01-949, 2001 U.S. Dist. LEXIS 21816, at *13-16 (E.D. La. Dec. 17, 2001) (holding that appointment of investor group was consistent with PSLRA and appointing seven-member group to serve as lead plaintiff); *Tarica v. McDermott Int'l, Inc.*, No. 99-3831, 2000 U.S. Dist. LEXIS 5031, at *15 (E.D. La. Apr. 13, 2000) (observing "that several courts have approved the appointment of more than one lead plaintiff in large securities class actions" and appointing four-member group); *Thompson*, 2004 U.S. Dist. LEXIS 25641, at *23-24 (appointing five-member group).

These holdings are in accord with the majority view throughout the country.  *See, e.g.*, *In re McDermott Intern., Inc. Sec. Litig.*, No. 08-civ-9943, 2009 WL 579502 at *2 (S.D.N.Y. Mar. 6, 2009) ("The majority of courts, including those in this District, permit unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis, if such a grouping

would best serve the class.") (internal quotation marks omitted); *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (noting that appointment of multiple lead plaintiffs provides the proposed class with benefits of joint decision-making and funding, is consistent with the language and purpose of the PSLRA, and allows plaintiffs as a group to wield more control over counsel).

Here, New York and Ohio are appropriate movants because they made the decision to seek appointment as Lead Plaintiff and have conferred to discuss plans for the cooperative prosecution of this highly complex securities class action, as discussed in the Joint Declaration of New York and Ohio in Support of their Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Joint Declaration"), submitted as Exhibit C to the Reiser Declaration. *See, e.g., In re Spectranetics Corp. Sec. Litig.*, No. 08-cv-2048, 2009 WL 1663953, at *6 (D. Colo. June 15, 2009) (appointing group of investors as lead plaintiff because "the certifications and declarations submitted by the . . . members of the [group] demonstrate that [the group members] can and will work together to oversee the litigation, and to monitor the work of counsel."); *Eshe Fund v. Fifth Third Bancorp*, No. 08-cv-421, slip op. at 9 (S.D. Ohio Dec. 16, 2008) (appointing group of investors who "presented sufficient information [in a joint declaration] to show that they are willing to work together in the best interests of the proposed class."). The Joint Declaration establishes that, prior to each deciding to seek joint appointment, representatives of New York and Ohio had a number of conversations, without outside counsel present, concerning their common goals in jointly prosecuting the action, the benefits of sharing resources, and the manner in which they will jointly make decisions. Reiser Decl., Ex. C ¶ 4. In addition, New York and Ohio have coordinated their actions and have communicated with each other to discuss strategy and procedures for directing the litigation and monitoring counsel. *Id*. ¶ 8. Because

New York and Ohio are sophisticated institutional investors that have already demonstrated their ability to work together, their losses are properly aggregated for purposes of this motion.

> **3.      New York and Ohio Are Sophisticated Institutional Investors that Satisfy the Requirements of Rule 23**

The PSLRA further provides that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Thompson*, 2004 U.S. Dist. LEXIS 25641, at *13.  New York and Ohio have affirmatively demonstrated that they meet the adequacy and typicality requirements of Rule 23, which are the provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA.  *See Thompson*, 2004 U.S. Dist. LEXIS 25641, at *17.

> Typicality exists where plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all class members. Adequacy exists unless the Court finds (1) the presence of a potential conflict between the proposed lead plaintiff and the class members; or (2) or [sic] the proposed lead plaintiff's [sic] chooses counsel to represent the class who is unqualified, incompetent, or otherwise unable to vigorously conduct the contemplated litigation on behalf of the class members.

*Id*. (internal citation omitted).

New York and Ohio satisfy the adequacy requirement of Rule 23.  Both have considered and approved moving for appointment as lead plaintiff in this Action, and submitted a Certification in which each affirms its understanding of its duties owed to the members of the Class.  *See* Reiser Decl., Ex. D.  Through those certifications, New York and Ohio accept the fiduciary obligations they will undertake if appointed lead plaintiff in this Action.

Moreover, New York and Ohio are the paradigmatic lead plaintiffs envisioned by Congress – sophisticated institutional investors with a real financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at 11, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("increasing the role of institutional investors in class actions will

ultimately benefit the class and courts by improving the quality of representation in securities

class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005)

(PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually

a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right

to appoint and duty to monitor lead counsel for the class."). Indeed, courts have recognized that,

> [t]he purpose behind the PSLRA is to prevent 'lawyer-driven' litigation, and to
> ensure that 'parties with significant holdings in issuers, whose interests are more
> strongly aligned with the class of shareholders, will participate in the litigation
> and exercise control over the selection and actions of plaintiffs [sic] counsel.'
> Congress believed this goal could best be achieved by encouraging institutional
> investors to serve as lead plaintiffs.

*In re Motorola*, 03 Civ. 287, 2003 WL 21673928, at *3  (N.D. Ill. July 16, 2003) quoting *In re*

*Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).

Both the Comptroller and the Ohio Funds are experienced lead plaintiffs.  The

Comptroller served as lead plaintiff or co-lead plaintiff in the *WorldCom* (S.D.N.Y.), *Cendant*

(D.N.J.), and *McKesson* (N.D. Cal.) securities litigations, which were high-profile litigations that

culminated in three of the largest settlements in securities class actions (over $6 billion, $2.2

billion, and $1 billion, respectively).  The Comptroller was also lead plaintiff in the *Raytheon* (D.

Mass.) securities litigation which settled for $460 million of cash and warrants and is currently

co-lead plaintiff in the *Countrywide* (C.D. Cal) securities litigation, where a motion for

preliminary approval of a tentative $624 million settlement is pending.  The Comptroller's

Division of Legal Services has a securities litigation unit with a staff of five attorneys who will

closely monitor this securities class action.  Similarly, the Ohio Funds, represented by Attorney

General Cordray,  have resolved two cases in the past two years that are also among the largest-

ever securities class action recoveries.  *See In re Merrill Lynch & Co. Sec. Litig.*, No. 07-CV-

9633 (S.D.N.Y.) (Lead Plaintiff STRS Ohio, $475 million recovery); *In re Marsh & McLennan*

*Cos. Sec. Litig.*, No. 04-CV-8144 (S.D.N.Y.) (Lead Plaintiff OPERS, STRS Ohio and Ohio Bureau of Workers Compensation, $400 million recovery).

New York and Ohio also satisfy the typicality requirements of Rule 23. A proposed lead plaintiff's claims are typical of the Class when the proposed lead plaintiff's claims "arise from the same series of events and are based on the same legal theories as the claims of all class members." *Thompson*, 2004 U.S. Dist. LEXIS 25641, at *17. Moreover, there is no "potential conflict between [New York and Ohio] and the class members." *Id.* Indeed, New York and Ohio's interests are the same as those of other Class members. Here, New York and Ohio, like other Class members, seek to hold Defendants liable for the consequences of their violations of the federal securities laws. The events and course of conduct that give rise to New York and Ohio's claims are the same events and course of conduct that give rise to the claims of the Class. Because New York and Ohio's claims are based on the same legal theories and arise from the same events giving rise to the claims of other Class members, the typicality requirement of Rule 23 is satisfied. Finally, New York and Ohio have obtained assurances that their selected counsel have no relationships or interests that conflicts with the interests of the Class. Reiser Decl., Ex. C ¶ 7.

>    **B.    This Court Should Approve the New York and Ohio's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class." *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305 (S.D. Ohio 2005)). *See also* H.R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess (Nov. 28, 1995) (same); *Thompson*, 2004 U.S. Dist. LEXIS 25641, at *23 ("Unless the Court detects a conflict between

the proposed Lead Counsel and the class members, Lead Plaintiff's selection is presumed to be proper.").

New York and Ohio have selected the law firms of Cohen Milstein and Berman DeValerio – both highly experienced in prosecuting securities class actions – to serve as Co-Lead Counsel for the class.  Cohen Milstein has developed extensive expertise from its experience as counsel for investors in some of the most significant securities fraud cases over the past thirty years and has recovered billions of dollars for investors during that time.  *See* Reiser Decl. Ex. E (firm resume of Cohen Milstein).  Cohen Milstein has been appointed lead counsel in numerous securities fraud class actions and the firm's securities practice has earned the respect and praise of lawyers and courts throughout the country.  For example, in *In re BearingPoint Securities Litigation*, No. 03- cv-1062 (TSE) (E.D. Va.), United States District Court Judge T.S. Ellis, III praised the firm, noting that "people who run corporations are generally deterred by the fact that there are the . . . Cohen Milsteins out there" and the "good work" that Cohen Milstein does.  Further, Cohen Milstein recently took a securities class action case to trial and successfully negotiated a $20 million settlement near the end of the second week of the trial.  In preliminarily approving the settlement in *In re Globalstar Securities Litigation*, No. 01-CV-1748 (PKC) (S.D.N.Y.), the Honorable P. Kevin Castel remarked that plaintiffs' counsel had "done a terrific job in presenting the case for the plaintiffs."

Likewise, Berman DeValerio has a wealth of experience and expertise leading securities fraud class actions.  Since 1982, Berman DeValerio has prosecuted hundreds of complex cases, recovering billions of dollars for aggrieved class members.  *See* Reiser Decl. Ex. F (firm resume of Berman DeValerio).  Judges have recognized Berman DeValerio's excellence on a number of occasions, including United States District Court Judge John F. Walter in the *In re International*

11

*Rectifier Corp. Securities Litigation*, No. CV 07-02544-JFW (VBKx) (C.D. Cal.), who commented that, "I think the work by the lawyers – all the lawyers in this case – was excellent. . . . The fact that plaintiffs' counsel were able to successfully prosecute this action against such formidable opponents is an impressive feat."

Accordingly, New York and Ohio's choice of counsel should be approved and Cohen Milstein and Berman DeValerio should be appointed Co-Lead Counsel for the Class and Harrell & Nowak, LLC should be appointed Liaison Counsel for the Class.

### C.   The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Judicial economy generally favors consolidation and requires the Court to conduct a careful inquiry that balances the prejudice and possible confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings would engender. *See Celotex*, 899 F.2d at 1285. Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district. *See Celotex*, 899 F.2d at 1284-85. Consolidation is generally ordered so long as any confusion or prejudice does not outweigh efficiency concerns. *Id.*

It is also well-recognized that consolidating shareholder class action suits often benefits both the court and the parties by expediting pretrial proceedings, reducing case duplication and minimizing the expenditure of time and money by all persons concerned. *See, e.g., Taubenfeld v. Career Educ. Corp.*, No. 03 Civ. 8884, 2004 WL 554810, at *1 (N.D. Ill. March 19, 2004 ("The court agrees that consolidation is appropriate for the six related cases insofar as each involves class action claims on behalf of purchasers of CEC stock and each asserts similar if not

overlapping claims for relief.  Moreover, given the similarity of the claims, the court believes that consolidation of these cases will result in substantial savings of judicial time and effort."); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (the court shall not make the lead plaintiff determination until it rules on whether to consolidate).

The following actions pending in this District assert class claims on behalf of purchasers of BP securities:

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| *Johnson Investment Counsel Inc v. BP, Plc, et al.* | 6:10-cv-00903 | 6/7/2010 |
| *Ludlow v. BP, Plc, et al.* | 6:10-cv-00818 | 5/21/2010 |

These actions present virtually identical factual and legal issues, as they all arise out of misstatements and omissions concerning BP during the Class Period.  Each complaint seeks to hold overlapping defendants responsible for the consequences of their course of conduct and seek relief under claims arising under the federal securities laws.  Plaintiffs in each of these cases share a mutual interest in having the Court resolve questions concerning whether Defendants made material misstatements and/or omitted material facts, and whether the price of BP securities became artificially inflated as a result.  Because the above actions pending in this District present related factual and legal issues, consolidation is appropriate.  In addition, New York and Ohio respectfully request the Court consolidate any additional actions that may later be transferred to this District.

**IV.        CONCLUSION**

For the above reasons, the New York and Ohio respectfully request that the Court: (1) appoint New York and Ohio as the Lead Plaintiff; and (2) approve their choice of Co-Lead and Liaison Counsel; and (3) consolidate the related actions.

DATED: July 20, 2010

Respectfully submitted,

By _____/s/ Eric R. Nowak_____

HARRELL & NOWAK, LLC
Eric R. Nowak (#27025)
Shirin E. Harrell (#27495)
650 Poydras Street, Suite 2107
New Orleans, Louisiana 70130-6198
Tel: (504) 522-7885
Fax: (504) 528-3131
***Counsel for New York and Ohio and***
***Proposed Liaison Counsel for the Class***


COHEN MILSTEIN SELLERS
& TOLL  PLLC
Steven J. Toll
Daniel S. Sommers
Julie G. Reiser
Matthew K. Handley
Joshua M. Kolsky
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Tel: (202) 408-4600
Fax: (202) 408-4699


BERMAN DEVALERIO
Jeffrey C. Block
Leslie R. Stern
One Liberty Square
Boston, MA 02109

14

Tel: (617) 542-8300
Fax: (617) 542-1194

-and-

Joseph J. Tabacco, Jr.
Matthew D. Pearson
One California Street, Suite 900
San Francisco, CA  94111
Tel: (415) 433-3200
Fax:  (415) 433-6282

***Counsel for New York and Ohio and
Proposed Co-Lead Counsel for the Class***

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2010, true and correct copies of the foregoing were electronically served on counsel of record in this matter who are registered with the Court's ECF filing system through ECF notification, and on all other counsel of record by first class mail.

_____ /s/  Eric R. Nowak_____
Eric R. Nowak